UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIRKLIN HAMLIN, #969016, ) | |
| Plaintiff, ) | |
| ) | No. 1:25-cv-81 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| DONALD MCGEHEE, *et al.*, ) | |
| Defendants. ) | |
| ) | |

### ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Defendant Pell allegedly violated Plaintiff Hamlin's constitutional rights. Specifically, Hamlin pleads that Pell failed to intervene when Defendant McGehee searched and seized a vehicle in violation of the Fourth Amendment. Video evidence establishes that McGehee entered the vehicle on at least two separate occasions. Pell filed a motion to dismiss based on the pleadings and body camera footage (ECF No. 56). Pell asserts qualified immunity arguing that the facts do not support a claim against him because he was not present at the beginning of the second entry, when McGehee opened the back of the vehicle, a UHaul truck. The Magistrate Judge issued a report recommending the court grant Pell's motion (ECF No. 89). Hamlin filed objections (ECF No. 94). Hamlin argues the court should not dismiss Pell because of the claim arising from the first search. The court agrees.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

### A.

For context, the court begins with the amended complaint (ECF No. 53). The events giving rise to this lawsuit occurred on May 26, 2023. Hamlin pleads that Defendant McGehee observed a parked UHaul and also saw or identified a person of interest (*id.* PageID.253-54). McGehee called for assistance and Defendant Pell responded (*id.* PageID.254). Plaintiff makes the following allegations about the initial entry into the UHaul:

> 16. Defendant McGehee did not articulate particularized facts that warranted a lawful search and seizure of the UHaul vehicle.
> 17. Defendant McGehee decided to impound the UHaul vehicle and search it.
> 18. Defendant McGehee entered the UHaul through the driver door and seized the vehicle's key.
> 19. Defendant McGehee engaged Defendant Pell in oral communications near the [illegible] the UHaul after exiting the vehicle with the seized key.
> 20. Defendant Pell had a duty to intervene in Defendant McGehee's unlawful search and seizure of the UHaul.
> 21. Defendant Pell had a duty to stop the violations of law committed in his presence.

(*id.* PageID.254). Later, Plaintiff pleads that Defendant McGehee rummaged through the back of the UHaul, the cargo box, and then returned to the passenger compartment where he found the rental agreement identifying Plaintiff as the authorized driver (*id.* ¶ 37 PageID.255).

B.

In his motion to dismiss, Pell addresses the search of the back of the UHaul. Pell describes his understanding of the situation when he arrived on the scene by referencing his discussion with other officers, which can be heard on the body camera recording (ECF No. 57-1 Video). Around minute 3:15, Pell tells another officer that McGehee saw Hamlin coming out the garage and approached Hamlin to discuss a domestic violence investigation (*id.*). Around minute 4, Pell tells the officer that McGehee thinks that Hamlin has stolen property in the UHaul (*id.*). In the brief, Pell describes what occurred from minute 6:20 to 7:15 and then skips to minute 14 (ECF No. 57 at 4 PageID.286). Pell then notes that while he was inside the home around minute 27, Defendant McGehee opened the back of the UHaul (*id.*). In the argument section of the brief, Pell asserts he was not present when McGehee opened the back of the UHaul (*id.* at 6-7 PageID.288-89).

In his response to the motion, Hamlin argues that between 9:18 and 9:33 on Pell's body camera, Pell sees McGehee open the driver side door of the UHaul (ECF No. 71 PageID.334). Hamlin later references paragraphs 18 through 22 of his complaint and the events captured on the body camera at 9:18 to 9:33 (*id.* PageID.335). Hamlin argues that, at this time in the sequence of events, Pell's brief does not establish any nexus between the UHaul and any wrongdoing such that McGehee could have conducted a search by opening the driver door in front of Pell (*id.*).

C.

The Magistrate Judge summarized the relevant law for a duty to intervene claim. The Magistrate Judge concludes that "it follows that if Officer Pell possessed knowledge that

Officer McGehee lacked probable cause to search the U-Haul, but failed to stop the search and seizure despite that knowledge, he may not be entitled to the defense of qualified immunity" (R&R at 7 PageID.424). The Magistrate Judge concluded that McGehee had probable cause to search the UHaul because, when the victim arrived (around minute 14), she informed the officers that her personal property was missing and that Hamlin likely put the property in the UHaul (R&R at 10 PageID.427). Because probable cause existed to search the UHaul, the Magistrate Judge recommends granting the motion on the basis of qualified immunity (*id.* at 10-11 PageID.427-28).

### D.

Hamlin objects to these findings, conclusions and the recommendation that Pell is entitled to qualified immunity. Plaintiff again argues that Pell was present when McGehee entered the vehicle at 9:18 on the body camera footage (ECF No. 94 Obj. PageID.450). And again Plaintiff argues that the reason law enforcement officers were called to the scene did not establish any nexus between the UHaul and that wrongdoing (*id.*). Plaintiff argues that Defendant and the R&R find probable cause to look in the back of the vehicle based on information learned after the victim arrived, which occurred after McGehee opened the door and seized the key (*id.*).

### III.

Hamlin advances twelve objections.

Objection I – V. These five objections all concern Hamlin's claim that Pell failed to intervene when McGehee opened the driver door to the UHaul. Hamlin objects to the recommendation that the court grant Pell's motion (Obj. I to language on PageID.428).

Hamlin objects to the finding that Pell could not have intervened (Obj. II to language on PageID.426-27). Hamlin objects to the finding that McGehee had probable cause (Obj. III to language on PageID.427). Hamlin objects to the conclusion that Pell had no reason to stop McGehee (Obj. IV to language on PageID.427). Hamlin objects to the portion of the R&R describing Pell's focus (searching for Hamlin) as irrelevant to Pell's ability to intervene when McGehee opened the front door (Obj. V to language on PageID.426)

The court upholds these objections. In his motion, Pell does not address the claim that Pell failed to intervene when McGehee initially opened the front door. The findings of fact in the R&R, specifically the factual finding for probable cause, do not support probable cause for the initial search. Accordingly, the court declines to adopt the recommendation that Pell be dismissed from the lawsuit. Plaintiff has established that he pleaded a claim that was not addressed in Pell's motion to dismiss and that was not addressed in the R&R.

Objections VI – VIII.

Plaintiff pleaded a claim for negligence (Am. Compl. ¶¶ 77-80 PageID.257). Plaintiff pleads that Pell had a duty to intervene when criminal acts are committed in his presence. And Pell breached that duty when he failed to intervene and stop McGehee's unlawful search and seizure of the UHaul. Pell moved to dismiss the negligence claim based on allegations in the complaint.

The Magistrate Judge first recommends that the court decline to exercise supplemental jurisdiction over the negligence claim because the federal claim fails. The court has concluded that Plaintiff still has a viable federal Fourth Amendment claim. The court will therefore reject this recommendation.

Alternatively, the Magistrate Judge then recommends dismissing the negligence claim based on Michigan's Governmental Tort Liability Act (GTLA). The Magistrate Judge concludes that Hamlin did not plead facts to show gross negligence, which is necessary for an exception to governmental immunity.

Plaintiff objects (Obj. VI-VIII referencing statements on PageID.429-30). The court will deny these objections. At best the complaint pleads a claim for negligence, that Pell failed to fulfill his duty to intervene. Plaintiff simply contends that Pell could have and should have done more by intervening. That sort of allegation does not meet the standard for gross negligence. *See Dougherty v. City of Detroit*, 986 N.W.2d 467, 475 (Mich. Ct. App. 2021). Relevant to the negligence claim, the court will adopt the relevant factual findings and conclusions of law and will dismiss the negligence claim.

Objection IX – Footnote 1

In footnote 1, the Magistrate Judge writes that *Heck v. Humphrey*, 520 U.S. 641 (1997) likely bars Plaintiff's claim against Pell. Hamlin objects. The court overrules the objection. The Magistrate Judge noted that the defendant did not raise the argument. And the Magistrate Judge does not make recommendations based on anything written in the footnote. Accordingly, the information in the footnote does not affect the disposition of Defendant's motion.

Objections X-XII.

Plaintiff objects to the statement that McGehee identified Plaintiff coming out the garage (Obj. X language on PageID.424). Plaintiff objects to the statement that he was fleeing

from officers (Obj. XI language on PageID.425). Plaintiff objects to the use of the word "victim" to describe the owner of the house.

The court overrules these objections. Any error of fact here does not alter the outcome so the error would be harmless.

IV.

Consistent with the discussion above, the court will **ADOPT** the Report and Recommendation in part (ECF No. 89). Relevant to the search of the back of the UHaul, Pell has demonstrated that the pleading and the body camera footage do not support a claim for the failure to intervene. Pell has also demonstrated that the complaint fails to plead facts to support a claim for negligence. Accordingly, the court will **GRANT** Defendant's motion to dismiss (ECF No. 56). Pell's motion does not address Hamlin's claim for failure to intervene based on McGehee's earlier entry into the cab of the UHaul and the R&R does not make any findings of fact or conclusions of law about that Fourth Amendment claim. Therefore, Hamlin still has a claim for failure to protect against Pell. Therefore, the court **REJECTS** (1) the recommendation that the court decline to exercise supplemental jurisdiction over the negligence claim and (2) that Pell be dismissed from the lawsuit. **IT IS SO ORDERED.**

Date:   December 10, 2025                                                    /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge